UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEORGE ZELINSKI, JANICE LYNN
ZELINSKI and BRADLEY A ZELINSKI,
individually and as Trustee of the
Bradley A. Zelinski Living Trust

      Plaintiffs,

v.                                     Case No.:  2:19-cv-804-FtM-38MRM

SECURIAN FINANCIAL GROUP,
INC, MINNESOTA LIFE
INSURANCE COMPANY, EDIE A
JARVIS, JARVIS FINANCIAL, INC.
and SHURWEST, LLC,

      Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendants' Motions to Dismiss Plaintiff's First Amended Complaint and Incorporated Memorandums of Law filed on May 15, 2020 and May 27, 2020. (Docs. 54; 57). Plaintiffs timely responded to Defendants' motions. (Docs. 58; 59). For the following reasons, the motions are granted.

This action arises out of the sale of an illegal investment scheme involving the wrongful conduct of several parties. (Doc. 50). Plaintiffs maintain Defendants, individually and collectively, fraudulently induced them to liquidate their life savings in the amount of $2.7 million and purchase unregistered securities to fund a several million-dollar life insurance policy. (*Id.* at ¶ 2). Defendants negligently failed to inform and warn

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Plaintiffs that the recommended purchase of the insurance policy and unregistered securities not only carried significant risk but was costly and not in their best interest. (*Id.* at ¶ 3). Defendants also failed to inform Plaintiffs that the company selling the unregistered securities was under investigation and faced lawsuits in multiple states for unlawful business practices, such as early termination of loans, hidden interest rates, and abusive collection practices. (*Id.* at ¶¶ 3; ¶ 7).

Plaintiffs were unaware of these issues until the securities company announced it had ceased its operations and would make no further payments because of the ongoing investigations and litigation. (*Id.* at ¶ 9). Plaintiffs thus lost all the money paid to purchase the unregistered securities, which were supposed to, but did not, yield a steady stream of cash flows to fund the life insurance policy. (*Id.* at ¶ 85). As a result, Plaintiffs sued Defendants for breach of contract, breach of fiduciary duty, negligence, and violations of the Federal Securities Act of 1933, 15 U.S.C. § 77a *et. seq.*, and Florida's Securities and Investor Protection Act, Fla. Stat. §§ 517.011. (Docs. 1; 50).

Now, Defendants move to dismiss the Amended Complaint. (Docs. 54; 57). They argue dismissal is warranted because (1) the Amended Complaint is a shotgun pleading, (2) Plaintiffs fail to satisfy the heightened pleading requirements under Federal Rule of Civil Procedure 9(b), (3) Plaintiffs fail to state claim for professional negligence under Counts V and VI, and (4) Counts V and VI are duplicative. While the Court is not persuaded by all of Defendants' arguments, their contention that the Amended Complaint is an impermissible shotgun pleading carries the day.[2]

---

[2] Defendants Edie A. Jarvis and Jarvis Financial, Inc. argue (and Plaintiffs appear to concede) Counts V and VI are redundant. (Docs. 57 at 12-14; 59 at 14). The Court

Complaints that violate pleading rules under "either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as shotgun pleadings." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (citing Fed. R. Civ. P. 8(a)(2) and (10)(b)).  A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996).  While the Eleventh Circuit has identified four types of shotgun pleadings, only one of which is at issue here.  *See Weiland*, 792 F.3d at 1322-23.  Specifically, Defendants argue Plaintiffs' Amended Complaint is the fourth shotgun pleading identified in *Weiland*, 792 F.3d at 1323.  This shotgun pleading is one that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

The Amended Complaint is a quintessential shotgun pleading.  Here, each count fails to identify which Defendant it applies to and specify which material facts supports each claim.  While the Amended Complaint contains over 100 general factual allegations, Plaintiffs only provide a few barebone statements setting forth the elements for each cause of action.  As written under each count, it is unclear how Defendants are liable.  The Amended Complaint is thus insufficient to put Defendants on notice of the claims against them.

Plaintiffs defend their style of pleading by arguing the collective allegations against Defendants under each count are sufficient because Defendants are not only liable

---

agrees.  Should Plaintiffs wish to file a Second Amended Complaint, they are directed to provide a more clear and concise pleading.

individually but also on an agency theory. (Docs. 58 at 5-12; 59 at 5-10). In support, they point to *Amin v. Mercedes-Benz USA, LLC*, 349 F. Supp. 3d 1338 (N.D. Ga. 2018). In *Amin*, defendants argued the complaint constituted a shotgun pleading because plaintiffs failed to separately assert the claims against them. *See id*. at 1348-1352. The court found the complaint did not constitute a shotgun pleading, in part, because it could be fairly read to allege that both defendants were responsible for the conduct based on an agency theory. *See id*. at 1353.

The Court has reviewed the complaint in *Amin*. Although long, it clearly stated which counts were against each defendant and provided the facts under every count to show how each defendant was liable. This is not the case here. Unlike the complaint in *Amin*, Plaintiffs' Amended Complaint makes it "virtually impossible" for each defendant to know "which allegations of fact are intended to support which claim(s) for relief." *Weiland*, 792 F.3d at 1325. Plaintiffs fail to state what each Defendant is alleged to have done in each count. Considering the complicated relationships between the Defendants and different theories of liability, the combining of the Defendants in each count with vague allegations fails to put Defendants on notice. Plaintiffs must replead.

Accordingly, it is now

**ORDERED:**

1. Defendants Securian Financial Group, Inc. and Minnesota Life Insurance Company's Motion to Dismiss Plaintiffs' First Amended Complaint and Incorporated Memorandum of Law (Doc. 54) and Defendants' Edie A. Jarvis and Jarvis Financial, Inc.'s Motion to Dismiss Plaintiffs' Amended Complaint and Incorporated Memorandum of Law (Doc. 57) are **GRANTED to the**

**extent that the Amended Complaint is an impermissible shotgun pleading.**

2. The Amended Complaint (Doc. 50) is **DISMISSED without prejudice**. Plaintiffs may file a Second Amended Complaint **on or before July 2, 2020**. **Failure to file a timely amended pleading will cause the closure of this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of June, 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record