UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEORGE ZELINSKI, JANICE LYNN
ZELINSKI and BRADLEY A ZELINSKI,
individually and as Trustee of the
Bradley A. Zelinski Living Trust

      Plaintiffs,

v.                                                          Case No.: 2:19-cv-804-FtM-38MRM

SECURIAN FINANCIAL GROUP,
INC, MINNESOTA LIFE
INSURANCE COMPANY, EDIE A
JARVIS, JARVIS FINANCIAL, INC.
and SHURWEST, LLC,

      Defendants.
_____/

### **OPINION AND ORDER**[1]

      Before the Court is Defendants Edie A. Jarvis, Jarvis Financial, Inc., and Shurwest, LLC's Motions to Dismiss. (Docs. 65; 67). Plaintiffs have responded in opposition. For the following reasons, the motions are granted to the limited extent the Second Amended Complaint is an impermissible shotgun pleading.

      This suit arises out of the sale of an illegal investment scheme, which caused Plaintiffs to lose millions of dollars. Three months ago, the Court dismissed the Amended Complaint as a shotgun pleading because Plaintiffs failed to specify how each Defendant was liable under each cause of action. (Doc. 60). Plaintiffs amended their pleading.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

While the Second Amended Complaint is an improved pleading, it still fails. The Court will thus allow Plaintiffs one final opportunity to replead.

Shotgun pleadings violate Fed. R. Civ. 8(a), by "fail[ing] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). Courts in the Eleventh Circuit have little tolerance for shotgun pleadings. *See Jackson v. Bank of America*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) (detailing the unacceptable consequences of shotgun pleading). A district court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits," which includes the ability to dismiss a complaint on shotgun pleading grounds. *Weiland*, 792 F.3d at 1320. Here, the Court cannot resolve the substantive issues because the Second Amended Complaint, while improved from the previous complaint, remains a deficient shotgun pleading.

Under Count II, Plaintiffs bring a claim for breach of contract. They assert all the Defendants entered into an agreement where, in exchange for $2.675 million, Plaintiffs would receive a $4.3 million life insurance policy. (Doc. 61 at ¶ 147). However, it is unclear, on the face of the Second Amended Complaint, what kind of contract the parties executed. In their briefing, Plaintiffs seek to amend their complaint by clarifying Count II turns on an *oral* contract. (Doc. 70 at 6-7). But this is not enough to save the complaint. *See Vandenbrink v. State Farm Mut. Auto. Ins. Co.*, No. 8:12-CV-897-T-30TBM, 2012 WL 3156596, at *3 (M.D. Fla. Aug. 3, 2012) (citation omitted) ("[T]he complaint may not be amended by the briefs in opposition to a motion to dismiss."). And it is unclear how an oral contract between Plaintiffs and Edie A. Jarvis and Jarvis Financial binds all the

other Defendants. Further, whether Defendants had a contractual duty may affect Plaintiffs' negligence claims (Counts V and VI).

Considering the above, the Second Amended Complaint misses the mark. Out of an abundance of caution, the Court will extend one final opportunity for Plaintiffs to correct their pleading deficiencies.

Accordingly, it is now

**ORDERED:**

1. Defendants Edit A. Jarvis and Jarvis Financial, Inc.'s Motion to Dismiss Counts II, V, and VI to Plaintiffs' Second Amended Complaint and Incorporated Memorandum of Law (Doc. 65) and Defendant Shurwest, LLC's Motion to Dismiss Plaintiffs' Second Amended Complaint and Incorporated Memorandum of Law (Doc. 67) are **GRANTED to the limited extent the Second Amended Complaint constitutes an impermissible shotgun pleading.**

2. The Second Amended Complaint (Doc. 61) is **DISMISSED without prejudice**. Plaintiffs may file a Third Amended Complaint on or before October 8, 2020. **Failure to file a timely amended pleading will cause the closure of this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of September, 2020.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3