## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

GEORGE ZELINSKI, JANICE
LYNN ZELINSKI and BRADLEY
A ZELINSKI, individually and as
Trustee of the Bradley A. Zelinski
Living Trust,

      Plaintiffs,

v.                         Case No: 2:19-cv-804-FtM-38MRM

SHURWEST, LLC,

      Defendant.

_____/

### OPINION AND ORDER[1]

    Before the Court is Defendant Shurwest, LLC's Motion to Dismiss (Doc. 90) the Third Amended Complaint (Doc. 85), Plaintiffs George Zelinski, Janice Lynn Zelinski, and Bradley A. Zelinski's (together "Zelinski") response in opposition (Doc. 100) and Shurwest's reply (Doc. 108).   The Court denies the Motion.

    This is a securities action.   Zelinski claims Shurwest, through its employees and agents, induced him to purchase positions of Future Income

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Payments, LLC ("FIP") unregistered securities to permit the purchase of and to sustain annual payments for a Minnesota Life Insurance Company permanent indexed universal life ("IUL") insurance policy.

Shurwest is an Arizona company.  While it has no offices or employees in Florida, Shurwest is licensed to sell life insurance in Florida.  Shurwest is an Independent Marketing Organization ("IMO").  IMOs recruit independent insurance agents to sell fixed index annuities and other insurance products to the independent agents' clients.  An IMO is effectively a third-party intermediary between agents and insurance companies, providing product education, marketing, and distribution services.

According to Zelinski, Shurwest solicited Florida-based financial advisors such as Edie Jarvis (owner of Jarvis Financial, Inc.) to sell their products.  Zelinski bought the FIP product from Jarvis, leading to this lawsuit. Zelinski alleges Jarvis acted as Shurwest's agent in selling him financial products.  Zelinski relied on recommendations made by Jarvis to invest in FIP securities that ultimately inappropriate for investment as part of a life insurance retirement strategy.  The Complaint ties these recommendations to Shurwest, alleging that Shurwest knew or should have known of the risk of the FIP investments, concealed its concerns from Jarvis and Zelinski, and collaborated with Jarvis in recommending FIP products.  To this end, Jarvis directly communicated with Shurwest employees.  Zelinski alleges Shurwest's

employees all acted within the scope of their employment while recommending FIP products.  Shurwest contests this, saying several key employees went rogue and didn't represent Shurwest.

Zelinski first sued Jarvis, Jarvis Financial, Minnesota Life, Securian Financial Group, Inc., and Securian Life Insurance Company.  All those Defendants settled, and they were dismissed.  After amending, Zelinski sues only Shurwest for (1) violation of the federal Securities Act of 1933, (2) negligent misrepresentation, (3) negligence, and (4) violation of the Florida Securities and Investor Protection Act ("FSIPA").

Shurwest moves to dismiss.  The Court dismissed prior complaints on shotgun pleading grounds.  Now, the Court addresses Shurwest's jurisdictional arguments, along with the contention Zelinski failed to state a claim.

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The plaintiff must "give the defendant fair notice of what the claim is . . . and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  A facially plausible claim allows a "court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court accepts all well-pled allegations as true and takes them most favorably to plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging sufficient facts to make out a prima facie case of jurisdiction. *Posner v. Essex Ins.*, 178 F.3d 1209, 1214 (11th Cir. 1999). A defendant may challenge personal jurisdiction through affidavits, testimony, or documents. *Jet Charter Serv., Inc. v. Koeck*, 907 F.2d 1110, 1112 (11th Cir. 1990). When a defendant raises through affidavits, documents, or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony, or documents. *Id.*

## DISCUSSION

When a defendant moves under Rules 12(b)(2) and 12(b)(6), a court must address jurisdiction first. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

## A. Personal Jurisdiction

To start, Shurwest claims the Court does not have personal jurisdiction. Almost all its argument revolves around Florida's long-arm statute. But like Zelinski contends, he sued under a federal statute (alongside state-law claims).

4

Personal jurisdiction involves a two-part inquiry: (1) "whether the applicable statute potentially confers jurisdiction over the defendant"; and (2) "whether the exercise of jurisdiction comports with due process." *Republic of Panama v. BCCI Holdings (Lux.) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997).

"When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction." *Id.* The relevant federal statutes (15 U.S.C. §§ 77e, 77k, 77l) allow for nationwide service of process. 15 U.S.C. § 77v; *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 107 (1987). Shurwest is an Arizona resident. So statutory nationwide service supports personal jurisdiction over Shurwest. *SEC v. Marin*, 982 F.3d 1341, 1349 (2020).

Shurwest's only response is the federal statute cannot serve as the basis for personal jurisdiction because Zelinski did not state a colorable claim. *E.g.*, *Courboin v. Scott*, 596 F. App'x 729, 732-34 (11th Cir. 2014). But as addressed below, Zelinski did state a claim, so this argument falls flat. Nor is the federal claim "wholly immaterial or insubstantial." *BCCI Holdings*, 119 F.3d at 941-42. Rather, it is a central theory of Zelinski's action.

Moving onto due process, "when, as here, a federal statute provides the basis for jurisdiction, the constitutional limits of due process derive from the Fifth, rather than the Fourteenth, Amendment." *BCCI Holdings*, 119 F.3d at 942. "The exercise of personal jurisdiction comports with due process when (1)

the nonresident defendant has purposefully established minimum contacts with the forum and (2) the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice." *SEC v. Carrillo*, 115 F.3d 1540, 1543-44, 1544 n.4 (11th Cir. 1997) (cleaned up).

"The Fifth Amendment's Due Process Clause, like the Fourteenth's, is designed to protect individuals by providing them with fair notice that their activities will render them liable to suit in a particular forum." *Marin*, 982 F.3d at 1349 (cleaned up). "This fair warning requirement is satisfied if the defendant has purposefully directed his activities at residents of the forum." *Id.* (quoting *BCCI Holdings*, 119 F.3d at 945). "To determine whether a person has purposefully directed activities at the forum, we ask whether the individual has sufficient 'minimum contacts' with the forum." *Id.*

If the Fifth Amendment's statutory nationwide service analysis applies, "the applicable forum for minimum contacts purposes is the United States, not the state in which the district court sits." *Id.* at 1349-50 (cleaned up). By choosing to live (or incorporate) in the United States, an individual necessarily directs their activities towards the United States. *Id.* at 1350. For that reason, United States residents purposefully avail themselves to suit in this country as far as the Fifth Amendment's due process clause is concerned. *Id.* Again, Shurwest resides in the United States and availed itself to suit here.

But the inquiry doesn't end there. "A defendant's 'minimum contacts' with the United States do not automatically satisfy the due process requirements of the Fifth Amendment." *Id.* (cleaned up). Even if a defendant purposefully directed activities at a forum, a court asserting personal jurisdiction must still "comport with fair play and substantial justice." *BCCI Holdings*, 119 F.3d at 945 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). Under the Fifth Amendment, "we ask first whether the party challenging jurisdiction has 'presented a compelling case' that the exercise of jurisdiction would be so unreasonable that the party's 'liberty interests have actually been infringed.'" *Marin*, 982 F.3d at 1350 (quoting *BCCI Holdings*, 119 F.3d at 946). "If, and only if, the challenging party has made this showing, we proceed to 'balance the burdens imposed on the individual defendant against the federal interest involved in the litigation.'" *Id.* (quoting *BCCI Holdings*, 119 F.3d at 946).

Shurwest did not meet its substantial burden of showing a "constitutionally significant inconvenience" from litigating this case in Fort Myers. *See id.* There may be forums within the United States which could unduly burden Shurwest. *BCCI Holdings*, 119 F.3d at 947. But this isn't one of them. While litigating in Florida may be more inconvenient for Shurwest than playing defense at home, "it is only in highly unusual cases that inconvenience will rise to a level of constitutional concern." *Id.* And it is

Shurwest's burden "to demonstrate that the assertion of jurisdiction in the forum will 'make litigation so gravely difficult and inconvenient that [it] unfairly is at a severe disadvantage in comparison to [its] opponent.'" *Id.* at 948 (cleaned up).

As mentioned above, Shurwest attacks personal jurisdiction under Florida's long-arm statute, focusing on a lack of Sunshine-State contacts. "This argument misses the mark, for a defendant's contacts with the forum state play no magical role in the Fifth Amendment analysis." *Marin*, 982 F.3d at 1350. Rather, Shurwest must make a compelling case for a "constitutionally significant burden" from litigating in Fort Myers. *Id.* at 1351. In that regard, Shurwest falls short. "There is nothing inherently burdensome about crossing a state line." *Id.* (citation omitted). So the fact that a Shurwest representative *might* (at some point) need to travel from Arizona to Florida does not pose a constitutional impediment. Back in the '80s, the Eleventh recognized how modern travel and communication lessened the effect of defending against faraway suits. *In re Chase & Sanborn Corp.*, 835 F.2d 1341, 1346 (11th Cir. 1988), *rev'd on other grounds sub nom. Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989). Now, with e-discovery and Zoom quickly supplanting the need for most in-person proceedings, it realistically makes little difference whether this case is litigated in Arizona or Florida.

At bottom, the Court finds it has personal jurisdiction over Shurwest.[2]

## B.  Shurwest as a "Seller"

Shurwest argues that Counts 1 and 4 fail because Zelinski fails to plead Shurwest is a seller under governing law.  The Court concludes the Complaint alleges Shurwest is a "seller" in the context of applicable securities laws.  Not only do Plaintiffs allege Shurwest is a seller, but they provide details supporting those allegations sufficient to make them more than conclusory. Specifically, the Complaint outlines how Shurwest employees marketed the FIP to Jarvis and participated its sale to Zelinski.  To be sure, the evidence Shurwest submitted suggests otherwise, but the Court cannot consider that evidence at this stage.  Much of Shurwest's position relies on its argument several employees were rogue and their actions cannot be imputed to Shurwest.  But that is a factual matter—well outside the pleadings—the Court cannot resolve on a motion to dismiss.  While Shurwest's evidence may be strong summary judgment evidence, it is just that—summary judgment

---

[2] No party addresses whether the Court has pendent personal jurisdiction over the state-law claims.  *See generally* 4 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1069.7 (4th ed. 2020).  So the Court will not reach that issue independently as it appears the state-law claims arise from a common nucleus of operative facts.  *See Story v. Heartland Payment Sys., LLC*, 461 F. Supp. 3d 1216, 1229 (M.D. Fla. 2020).  And even if necessary to reach the Fourteenth Amendment long-arm analysis, the Court would decline to do so.  This is inextricably intertwined with the merits, and the Court would find it proper to defer ruling until a later stage.  *E.g., Forbes v. Concord Advice, LLC*, No. 8:19-cv-2980-T-33CPT, 2020 WL 3250232, at *7 (M.D. Fla. Apr. 21, 2020).  Shurwest asks the Court to make factual findings that contacts of "rouge" employees cannot be imputed to Shurwest.  Yet to do so, the Court would effectively be ruling on the merits that those employees were in fact rouge and Shurwest cannot be liable for their actions.

evidence.  Accepting the well-pled facts as true and taking all reasonable inferences for Zelinski, he alleges enough to survive.  *See, e.g.*, *SEC v. Calvo*, 378 F.3d 1211, 1215 (11th Cir. 2004); *Ryder Int'l Corp. v. First Am. Nat'l Bank*, 943 F.2d 1521, 1531-32 (11th Cir. 1991).[3]

## C.  Negligent Misrepresentation Claim

Shurwest contends the negligent misrepresentation claim fails to satisfy the heightened pleading rules.  Under this rule, a party alleging fraud must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  And this pleading requirement applies to actions for negligent misrepresentation brought under Florida law. *Wilding v. DNC Servs. Corp.*, 841 F.3d 1116, 1127 (11th Cir. 2019).  To satisfy Rule 9(b), a complaint must allege "(1) the precise statements, documents, or misrepresentations made; (2) the time, place and person responsible for the statement; (3) the content and manner in which these statements misled him; and (4) what the defendants gained by the alleged fraud." *Id.* at 1128 (cleaned up).  Zelinski sufficiently alleged those details specifically stating the representations made, the people making them, the dates on which they were made, the form of communication, and the substance of the misrepresentations.  And Zelinski alleged harm in relying on the misrepresentations.  Again, the factual dispute between Zelinski

---

[3] The Court also concludes Zelinski's allegations are enough to plead with particularity Shurwest was a seller under FSIPA.

and Shurwest is a matter left for another day.  And the claim is sufficiently pled.

### D.  Negligence Claim

Finally, Shurwest argues Zelinski fails to state a negligence claim.  To properly allege negligence in Florida, a party must allege duty, breach, causation, and damages.  *E.g.*, *Williams v. Nat'l Freight, Inc.*, 455 F. Supp. 2d 1335, 1337 (M.D. Fla. 2006).  Zelinski alleges all four elements.  The Complaint pleads Shurwest had a duty to provide accurate information that would be conveyed to him, Shurwest acted negligently in performing (or not performing) that duty, and Shurwest's negligence caused Zelinski's harm after receiving misinformation relating to the FIP products and their insurance policy. Zelinski further describes various red flags over Shurwest's "rogue" employees, the FIP products, and the actions of Shurwest's employees.  So Zelinski met his burden.

Accordingly, it is now **ORDERED:**

Defendant's Motion to Dismiss (Doc. 90) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on February 26, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record